IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD JASON NOBLES, *et al.*, :
:
        Plaintiffs, :
:
VS. : NO. 7:24-cv-00068-WLS-TQL
:
VALDOSTA STATE PRISON, *et al.*, :
:
        Defendants. :

## ORDER

Plaintiffs Richard Jason Nobles, Stephen Paul Wood, William Beasley, Nicholas C. Dowdell, Lonnie Powell, Aaron Griffin, Ryan D. Thomas, Armani Hills, Brandon Taylor, Anthony Bland, Robert Connor McLaughlin, Ronald Grant, Justin Coleman, Bruce Rainey, John Herndon, Jr., Anthony P. Lewis, Jeremy J. Burtnett, Jr., Kevin Louis, Terence Singh, Kywon D. Walls, Antonio Bryant, Ulysses Lilly, Jr., Franklin Young, Alex D. Waldon, Colby Cunningham, Anthony Taylor Brightman, Travis Proctor, Bobby Keith Thomas, Anthony Jerome Gay, Richard Edwards, Markevion Smith, Danny Hailey, Michael Barnes, and Tyrone Hill have filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). All Plaintiffs appear to have signed the Complaint. Compl. 22-29, ECF No. 1. Plaintiff Rainey has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) that purports to be on behalf of all the named Plaintiffs. At the time this case was filed, it appears that some or all of the Plaintiffs were incarcerated in the Valdosta State Prison or the Valdosta State Prison Annex in Valdosta, Georgia, and

at least four of the Plaintiffs still appear to be incarcerated in those facilities. Compl. 1-2, ECF No. 1. Plaintiffs raise claims concerning the conditions of their confinement beginning in November of 2023 and continuing to the present. *Id.* at 5.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for paying this Court's filing fee. 28 U.S.C. § 1915(b).[1] The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and approving its finding "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98. Plaintiffs are thus not permitted to proceed *in forma pauperis* in this action.

Perhaps more importantly, however, none of the individual *pro se* Plaintiffs may bring a claim as a class action on behalf of any of the other Plaintiffs. *See e.g., Wallace*

---

[1] A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

*v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (rejecting claim that "*pro se in forma pauperis* litigant may bring a class action § 1983 complaint") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")); *see also Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 809 (11th Cir. 2015) (per curiam) (affirming dismissal where *pro se* litigant repeatedly ignored court's warning that class-action claims required counsel). This same general principle also prevents any *pro se* Plaintiff in this case from seeking relief on behalf of any other Plaintiff in this action. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).[2]

For these reasons—and because it does not appear Plaintiffs' claims would be barred by the applicable statute of limitations if they are required to refile them—the Complaint is **DISMISSED WITHOUT PREJUDICE.** Each Plaintiff may file a separate complaint, in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*, which must include a certified copy of the Plaintiff's prison trust fund account

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

statement if the Plaintiff is currently incarcerated. Plaintiff Rainey's pending motion (ECF No. 2) is **DENIED as moot.**

**SO ORDERED**, this _13th_ day of August, 2024.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT